Moore v. Walley, State Treasurer.*

(En Banc. Feb. 4, 1929. Suggestion of Error Overruled.)

[120 So. 197. No. 27652.]

*Corpus Juris-Cyc. References: Officers, 46CJ, section 383, p. 1063, n. 97; States, 36Cyc, p. 864, n. 90; As to whether additional deputies provided for during term of an officer whose deputies were to be paid by the public to be paid by officer or by public, see annotation in 26 A. L. R. 1309; 22 R. C. L. 585; 5 R. C. L. Supp. 1212.

*Denny & Austin,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for appellee.

GRIFFITH, J. During the period of time beginning January 1, 1925, and ending November 1, 1926, there was an unprecedented increase of business in the state land office, so much so that, in order to transact the same without detriment to the public service and without loss to the state, appellant, then and now the state land commissioner, found it necessary to employ additional labor in said office. For this additional help he paid out the sum of one thousand thirty nine dollars and fifty cents, and, at the succeeding session of the legislature, an act was passed to reimburse him, the said act being chapter 262, Laws of 1928. The act recites, in effect, the facts aforementioned. In pursuance of said act, the auditor issued a warrant to appellant, but, when the warrant was presented to appellee, the state treasurer, he refused to pay it, for the reason that the said act was in contravention of section 96 of the Constitution. Appellee thereupon petitioned the circuit court for a writ of mandamus, which was denied by the court.

Throughout the months mentioned, as well as during the entire period of his term of office, the land commissioner was by statute allowed a fixed salary, and as assistance in his office only one deputy also at a fixed salary. He was allowed no clerk or other help than the deputy mentioned. When he entered upon his term, he knew

this, and he knew what the duties of the office required When an officer accepts an office with knowledge of its duties and the amount of the salary or compensation, it must be assumed that he assented to perform all the services enjoined by law for such salary or compensation. *Hendricks v. Supervisors*, 49 Miss. at page 615. It has been declared that "nothing is better settled than that a person who accepts an office with compensation fixed by law is bound to perform the duties for the compensation" (*Wines v. Garrison*, 190 Cal. 650, 214 P. 56, 26 A. L. R. at page 1308).; from which it logically follows that, unless the officer is provided by statute with a deputy or an assistant, the salary of whom is made payable out of public funds, the officer must himself do all the work, or else pay the salary of the assistant out of his own funds; and it follows further that, when only one deputy or assistant is provided by law with compensation payable out of the treasury, the officer must himself pay for any assistants beyond the one so provided by law.

Since, then, the land commissioner was required by law to do all the work of his office with the aid of the one assistant provided by law, the payment out of the treasury for any additional assistance would be tantamount to an increase of his compensation. The employment of assistants, not contemplated by the law at the time, and payments to them out of the public treasury, in effect increases the salary of an officer by relieving him *pro tanto* of duties required by law. 46 C. J., pp. 1026, 1027; Id., 1018, 1019; *Wines v. Garrison*, 190 Cal. 650, 214 P. 56, 26 A. L. R. 1302. And, so far as any *past* services or compensation are concerned, the purpose of section 96 was emphatically to prevent any such increase. The section reads as follows: "The legislature shall never grant extra compensation, fee, or allowance, to any public officer, agent, servant, or contractor, after service rendered or contract made, nor authorize pay-

ment, or part payment, of any claim under any contract not authorized by law; but appropriations may be made for expenditures in repelling invasion, preventing or suppressing insurrections."

The constitutional prohibition is inexorable in its operation. It takes no heed to what might be called the merits of the extra or increased compensation. Nor can the act be saved by denominating the reimbursement as expenses, as it is sought by appellant in his argument to have us do.

We are not called upon to express an opinion whether the payment of expenses in the strict sense of that term may be made under an act passed after the expenses have been incurred. The case here is for the payment of "required additional labor," as the act itself expressly recites, and as is recited also in the petition. The act in question, chapter 262, Laws 1928, is void.

*Affirmed.*