STATE, FOR USE OF WIMBERLY, *v.* WHITE *et al.*

(Division A. Nov. 12, 1934.)

[157 So. 472. No. 31310.]

**Whitfield Peirce,** of Jackson, for appellant.

· **Lotterhos & Travis,** and **J. Morgan Stevens,** all of Jackson, for appellees.

Argued orally by **Whitfield Peirce,** for appellant, and by **Fred Lotterhos,** for appellee.

**Cook, J.,** delivered the opinion of the court.

In the county court of Hinds county there was filed a declaration in the name of the state of Mississippi, for the use of Mrs. Lula Wimberly, against Carl C. White,

formerly auditor of the state of Mississippi, and the Mississippi Fire Insurance Company, surety on his official bond. A joint demurrer to this declaration was sustained, and on appeal to the circuit court the judgment of the county court was affirmed. From the judgment of the circuit court this appeal was prosecuted.

The declaration alleged that the usee plaintiff was an employee in the Governor's office during all the 1931 extraordinary session of the Legislature of the state of Mississippi, and that the Senate of the state of Mississippi, by Senate resolution attached as an exhibit, "increased the wages and salary of the plaintiff by the sum of three dollars per day, said increase payable out of the Senate contingent fund, and this plaintiff worked thirty-three days as an employee of the governor's office during the term that the 1931 extraordinary session of the Legislature was in session, and became entitled to compensation in the sum of ninety-nine dollars under said Senate Resolution No. 15, payable out of the Senate contingent fund."

The declaration further alleged that at that time the defendant Carl C. White was state auditor, and that he capriciously, wrongfully, and arbitrarily neglected and refused to issue to the usee plaintiff a warrant for this compensation upon the presentation to him of a proper certificate entitling her thereto. A judgment for the amount of compensation allowed by the Senate resolution was sought against both the former auditor and the surety on his bond.

Defendants demurred to this declaration on the ground, among others, that it shows on its face that the extra compensation sued for violates section 96 of the state Constitution, and is therefore illegal and contrary to the public policy of the state.

By chapter 10 of the Acts of the 1931 Extraordinary Session of the Legislature the sum of two thousand five

hundred dollars was appropriated as a contingent fund for the Senate, and it was provided that the secretary and all employees of the Senate should be paid out of such contingent fund on a certificate of the presiding officer, countersigned by the secretary of the Senate. Thereafter an additional Senate contingent fund of four thousand dollars was appropriated, under provisions for its expenditure practically the same as in the first act. Before its adjournment, the Senate passed a resolution numbered 15, providing that for the efficient work and co-operation of the employees of the Senate, a stated extra amount of compensation for each day's service was allowed to each of them, and that the employees of the Governor's office be allowed three dollars per day extra, all payable out of the contingent fund of the Senate.

In the brief of counsel for the appellant, it is stated that "the determination of the whole matter rests upon an answer to the following questions: (1) Is the appellant entitled to be paid for work done as a servant of the Senate?" Or (2) "Would pay for extra work done as stenographer and generally assisting the officers and members of the Senate in conducting its session be allowed without violating section 96 of the Constitution, when such services as servant of the Senate were entirely outside the scope of the duties of the appellant and not required of her as an employee in the Governor's office, and such services performed as a servant of the Senate at such times as did not conflict with her duties as an employee in the Governor's office, or is it violative of section 96 of the Constitution for the Senate to employ as a servant one who also holds another job when the services required as a servant of the Senate can be performed without conflict with the duties required by the other job of the one so employed by the Senate?"

No such questions are presented by the record before us, and we will express no opinion upon either question.

The declaration expressly declared that the usee plaintiff was an employee of the Governor's office during the entire time the Senate was in session, and that by resolution the Senate increased her salary by the sum of three dollars per day. There is no suggestion in the declaration or the resolution that she was an employee of the Senate or that she rendered any sort of service to the Senate. The resolution itself does not purport to grant compensation to the appellant for services to the Senate, but merely provides extra salary or compensation to the employees of the Governor's office. The question presented by this record then is, Was it violative of section 96 of the Constitution for the Senate to grant out of its contingent fund extra compensation to an employee of another and separate branch of the state government whose salary was fixed by law?

Section 96 of the Constitution of 1890 reads as follows: "The Legislature shall never grant extra compensation, fee, or allowance, to any public officer, agent, servant, or contractor, after service rendered or contract made, nor authorize payment, or part payment, of any claim under any contract not authorized by law; but appropriations may be made for expenditures in repelling invasion, preventing or suppressing insurrections."

During all the term of the 1931 Extraordinary Session of the Legislature the appellant was an employee of the Governor's office in the capacity of private secretary to the Governor, and section 6511, Code of 1930, provides that "the salaries of the state and district officers and their subordinates are fixed each at the following annual sums, the same to be in full compensation for their services: 1. The governor, seven thousand five hundred dollars; the governor's private secretary, two thousand five hundred dollars; stenographer and filing clerk, one thousand five hundred dollars; stenographer, one thousand five hundred dollars." This section fixed the salaries of all state officers, and provided that the amounts

therein fixed should be in full compensation for their services, and the purpose and policy of the Legislature to make the salaries fixed by statute full compensation for all services, and to make effective the constitutional inhibition against granting extra compensation to any public officer after services rendered, is further emphasized by section 6513, Code of 1930, which reads as follows: "Whenever by any law, local or special or general, any state officer above mentioned shall be entitled to receive any fees or perquisites in virtue of his office it shall be his duty to continue to collect the same; to keep an account in detail of the same as among the official receipts of his office and at once upon the receipt thereof to pay the same in full into the state treasury, it being the purpose of this section that the salaries and expenses provided in the foregoing sections of this chapter shall be in full for all official services by any state officer mentioned in said preceding sections. But the auditor of public accounts shall be permitted to retain without reporting the same, the compensation allowed him by any levee board."

The constitutional provision prohibiting the Legislature itself from granting extra compensation to any public officer after services rendered applies with equal or greater force to a single branch thereof. The contingent fund appropriated for the use of a separate branch of the Legislature is still a public fund to be used for lawful purposes only, and neither branch of the Legislature can use such fund for the accomplishment of a purpose prohibited by the Constitution. A separate branch of the Legislature cannot thus do indirectly what the Legislature itself cannot do by direct act. From the averments of the declaration and the recitation of the Senate resolution thereto attached, it is apparent that the attempted allowance of extra compensation to this employee of the Governor's office is violative of the constitutional inhibition against the granting of extra

compensation to public officers after services rendered. Moore v. Walley, 152 Miss. 539, 120 So. 197. Many authorities supporting this view may be found in an extensive annotation appearing in 23 A. L. R., at page 612.

Affirmed.